UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HELAL AHMED, PARVEZ ALI, MD. G. MIAH,
ENAMUL SHAKUR

        **Plaintiffs,**

    -against –

DEVI RESTAURANT, LTD. and RAKESH
AGGARWAL

        **Defendants**
-------------------------------------------------------------X

**COMPLAINT**

07 CV 3512

ECF CASE



## PRELIMINARY STATEMENT

1. This is a complaint federal and New York State labor laws to address labor law violations perpetrated by Defendants against Plaintiffs throughout years of employment.

2. Plaintiffs Helal Ahmed, Parvez Ali, Md. G. Miah, and Enamul Shakur, are current employees -- in busser, stocker, runner and waiter positions -- at Defendant Devi Restaurant, owned and operated by Defendant Rakesh Aggarwal.

3. In violation of federal and New York State labor laws, Defendants have failed to pay Plaintiffs the minimum wage and overtime, unlawfully appropriated a portion of Plaintiffs' tips, and taken unlawful deductions from Plaintiffs' wages.

4. Plaintiffs now bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law § 190 *et seq.* to recover the wages and tips that that are owed to them as well as statutory liquidated damages.

1

## JURISDICTION

5. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 and 28 U.S.C. § 1331. Plaintiffs have consented to file this lawsuit under the Fair Labor Standards Act.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies in the Southern District of New York, where Defendants' business is located.

## PARTIES

### *Plaintiffs*

8. Plaintiffs Helal Ahmed, Parvez Ali, Md. G. Miah, and Enamul Shakur are employees of Defendant Devi restaurant where they work as Bussers, Stockers, Waiters and Runners.

9. Each of the Plaintiffs is a resident of New York City.

10. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

### *Defendants*

11. Defendant Devi Restaurant, Ltd. ("Devi" or the "Restaurant") is located at 8 East 18th Street, New York, New York 10003. Devi Restaurant is a New York corporation established in 2004. On information and belief, the Restaurant has gross sales of over $500,000 a year and uses goods produced in interstate commerce.

12. Defendant Rakesh Aggarwal is the owner of Devi Restaurant. He has the power to hire and fire employees, set their wages and their schedules, and retain their records.

13. At all times relevant to this action, Defendant Aggarwal was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

## STATEMENT OF FACTS

14. Plaintiffs' work schedule at Devi follows a shift system. There are two main work shifts, the lunch shift running from 11:00 a.m. to 3:30 p.m., and the dinner shift from 4:30 pm to approximately 11:30 p.m. or 12:30 a.m.

15. The following table provides Plaintiffs' working hours, shifts, and wages received:

| Name and Position | Approx. Dates of Employment | Days worked a week | Shifts worked a week | Hours Worked a week | Wages Received |
|---|---|---|---|---|---|
| Helal Ahmed, Busboy and Stocker | 7/05 – present | 5 | 6+ | 40+ | 7/05- 3/4/07: $5 per hour<br><br>3/05/07- present: $20 per shift |
| Parvez Ali, Busboy and Waiter | 8/05 – present | 5-6 | 8+ | 55-60 | 8/05-11/05: $5 per hour<br><br>11/05-3/04/07: $3.85 per hour |

| Name and Position | Approx. Dates of Employment | Days worked a week | Shifts worked a week | Hours Worked a week | Wages Received |
|---|---|---|---|---|---|
| **Md G. Miah, Runner** | 9/04 -- 06/05 | 6-7 | 11+ | 55-65 | 9/04 – 6/05: $3.85 per hour |
|  | 11/05 - present | 5-6 | 8-9 | 48-55 | 11/05 – 2/07: $5 per hour |
|  |  |  |  |  | 3/05/07 -- present: $20 per shift |
| **Enamul Shakur, Runner** | 10/04- present | 5 | 7-8 | 48-50 | 10/04 -- 01/05: $3.85 per hour |
|  |  |  |  |  | 01/05 -- 03/04/07: $5 per hour |
|  |  |  |  |  | 3/05/07 -- present: $20 per shift |

### *Failure to Pay at the Minimum Wage Rate*

16. Throughout Plaintiffs' employment with Defendants, Defendants have failed to pay Plaintiffs and other workers at the Restaurant at the federal and New York State minimum wage rate.

### *Failure to Pay Overtime*

17. Throughout Plaintiffs' employment with Defendants, Defendants have failed to pay Plaintiffs and other workers at the Restaurant overtime wages for hours worked in excess of 40 hours per week in violation of federal and New York State labor laws.

### *Confiscation of Tips*

18. Defendants have imposed a tip pooling arrangement at the Restaurant whereby tips are distributed to employees according to a point based system. The more points that are assigned to a position, the greater the share of tips that employee receives.

19. The point system for the tip pooling arrangement at the Restaurant is as follows:

| Position | Points until 09/07 | 09/07 |
|---|---|---|
| Waiter | 10 | 10 |
| Runner | 7 | 8 |
| Stocker | 7 | 8 |
| Busser | 5 | 6 |

20. Prior to distributing these tip shares, Defendant Aggarwal unlawfully retains twenty percent of the total credit card tips each day.

21. Additionally, managers unlawfully receive a six point tip share.

22. Both the twenty percent of tips that are taken by ownership and the six points that are distributed to managers are monies that lawfully belong to the waiters, runners, bussers, and stockers at Devi.

### *Inapplicability of Tip Credit*

23. Defendants are not entitled to reduce the minimum wage by applying the tip credit allowance that is available in limited cases under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants never informed Plaintiffs that they were reducing the minimum wage by a tip allowance under § 3(m) of the Fair Labor Standards Act *and* because

Defendants are appropriating portions of the tips for themselves in violation of 29 U.S.C. § 203(m).

### *Failure to Pay Spread of Hours*

24. Throughout Plaintiffs' employment with Defendants, Defendants have failed to pay Plaintiffs and other workers at the Restaurant an extra hour of pay at the minimum wage for each day that they worked in excess of ten hours in violation of New York Labor Law.

### *Failure to Pay Wages*

25. Throughout Plaintiffs' employment with Defendants, Defendants have regularly failed to pay Plaintiffs for each hour worked in violation of New York Labor Law. While Plaintiffs never work less than seven hours a day, they are often only paid for six hours.

### *Unlawful Deductions*

26. Defendants unlawfully deduct $10.00 from Plantiffs Ahmed, Ali, and Shakur's salary each week and $85.00 from Plaintiff Miah's salary each week, allegedly for tax purposes, although taxes are not actually paid by Defendants with regard to these employees.

### *Retaliation*

27. In March 2007, Plaintiffs demanded that Defendant Aggarwal pay them fairly for their work and cease his taking of unlawful deductions. In retaliation for Plaintiffs' assertion of their labor rights, Defendant Aggarwal reduced Plaintiffs' and the other workers at Devi's salary to $20.00 per shift.

## FIRST CAUSE OF ACTION
### (FEDERAL MINIMUM WAGE VIOLATION)

28. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

29. Defendants knowingly failed to pay Plaintiffs the federally mandated minimum wage of $5.15 per hour in violation of 29 U.S.C. § 206.

30. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

31. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## SECOND CAUSE OF ACTION
### (FEDERAL OVERTIME VIOLATION)

32. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

33. Defendants intentionally failed to pay Plaintiffs for each hour worked in excess of forty (40) hours per week at the rate of one and one-half times the regular rate (not less than minimum wage) in violation of 29 U.S.C. § 201 *et seq.*

34. Defendants' failure to pay overtime premiums was willful within the meaning of 29 U.S.C. § 255(a).

35. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## THIRD CAUSE OF ACTION
### (NEW YORK STATE FAILURE TO PAY WAGES)

36. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

37. By failing to pay Plaintiffs for each hour they worked, Defendants blatantly disregarded their obligations to pay wages weekly and not later than seven calendar days after the week in which the wages were earned.

38. Defendants' knowing and deliberate acts are in direct contravention of N.Y. Labor Law § 191(1)(a) and are actionable under N.Y. Labor Law § 198.

39. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 198.

40. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## FOURTH CAUSE OF ACTION
### (NEW YORK STATE MINIMUM WAGE VIOLATION)

41. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

42. Defendants knowingly failed to pay Plaintiffs the minimum wage required under N.Y. Lab. Law. § 652 and supporting regulations of the New York State Department of Labor.

43. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

44. As a result of Defendants' willful and unlawful conduct, the Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## FIFTH CAUSE OF ACTION
## (NEW YORK STATE OVERTIME VIOLATION)

45. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

46. Defendants intentionally failed to pay Plaintiffs for each hour worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rate (not less than minimum wage) in violation of N.Y. Lab. Law § 650 *et seq.* and 12 N.Y.C.R.R. § 137.

47. Defendants' failure to pay overtime premiums was willful within the meaning of N.Y. Lab. Law § 663 and supporting regulations of the New York State Department of Labor.

48. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## SIXTH CAUSE OF ACTION
## (DEPRIVATION OF TIPS)

49. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

50. Defendants demanded and received from the Plaintiffs twenty percent of the credit card tips received by Plaintiffs in violation of N.Y. Lab. Law § 196-d.

51. Defendants' acceptance and retention of a portion of Plaintiffs' tips was willful within the meaning of N.Y. Lab. Law § 198.

52. Plaintiffs have been damaged in an amount to be determined at trial plus liquidated damages.

## SEVENTH CAUSE OF ACTION
### (NEW YORK STATE SPREAD OF HOURS VIOLATION)

53. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

54. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage for each day Plaintiffs worked more than ten (10) hours in violation of N.Y. Lab. Law § 650 *et seq.*, and 12 N.Y.C.R.R. § 137-1.7.

55. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs worked in excess of ten (10) hours was willful within the meaning of N.Y. Lab. Law § 663.

56. Plaintiffs have been damaged in an amount to be determined by trial plus liquidated damages.

## EIGTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS)

57. Defendants deducted $10.00 from Plaintiffs Ahmed, Ali and Shakur's paychecks and $85.00 from Plaintiff Miah's paycheck in violation of the prohibition against unlawful deductions from wages in 29 U.S.C. § 206, N.Y. Lab. Law § 193, and 12 N.Y.C.R.R. § 137-2.5.

58. Defendants' unlawful deductions were willful within the meaning of 29 U.S.C. § 255(a) and N.Y. Lab. Law § 198.

59. Plaintiffs have been damaged in an amount to be determined at trial plus liquidated damages.

### NINTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

60. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

61. Defendants have enriched themselves as a result of withholding money owed to Plaintiffs for all of the time Plaintiffs worked, and the tips to which they were entitled.

62. The enrichment was at Plaintiffs' expense as they would have received these monies had the Defendants not intentionally and willfully violated federal and New York State labor laws.

63. The circumstances were such that equity and good conscience require Defendants to pay Plaintiffs for all the time they worked but were not paid, and all the tips they received that were confiscated from them.

### TENTH CAUSE OF ACTION
### (QUANTUM MERUIT)

64. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

65. Plaintiffs performed labor and services for Defendants in good faith and with the expectation that they would receive full payment.

66. Defendants received the full benefit of Plaintiffs' labor and services, but failed to compensate Plaintiffs' for the fair and reasonable value of those labor and services.

67. By reason of Defendant's conduct, Plaintiffs sustained damages in the amount of the fair and reasonable value of their labor and services to be determined at trial.

## ELEVENTH CAUSE OF ACTION
### (RETALIATION)

68. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

69. Defendant Aggarwal reduced Plaintiffs' salary to $20.00 per shift in retaliation for their assertion of their labor rights.

70. Defendant owner's retaliation against Plaintiffs is a violation of the Fair Labor Standards Act, 29 U.S.C. §215 (a)(3) and of New York Labor Law § 215.2.

71. As a result of Defendant Aggarwal's willful and unlawful conduct, Plaintiffs are entitled to damages in an amount to be determined at trial plus punitive damages and other equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

    a. Declaration that Defendants' conduct is in violation of federal and New York State labor laws;

    b. compensatory damages including back wages and tips that are owed;

    c. liquidated damages;

    d. punitive damages;

    e. pre-judgment interest;

    f. attorney fees and costs;

    g. any such further relief as may be just and proper.

Dated: New York, New York
May 1, 2007

ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND

_/s/ signature_

Kenneth Kimerling (KK5762)
Tushar J. Sheth (TS5672)
99 Hudson Street
New York, New York 10013
212-966-5932

*Attorney for Plaintiffs Helal Ahmed, Parvez Ali, Md. G. Miah, and Enamul Shakur.*

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN **DISTRICT OF** NEW YORK

HELAL AHMED, PARVEZ ALI, MD. G. MIAH, and
ENAMUL SHAKUR

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

DEVI RESTAURANT, LTD. and RAKESH
AGGARWAL

**07 CV 3512**

*JUDGE RAKOFF*

TO: (Name and address of defendant)

DEVI RESTAURANT, LTD. and RAKESH AGGARWAL
8 East 18th Street
New York, New York 10003

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Tushar J. Sheth
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th Floor
New York, New York 10013
(212) 966-5932

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

_[signature]_

(BY) DEPUTY CLERK

MAY 0 2 2007

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| *Check one box below to indicate appropriate method of service* | |

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
    Date

_____
Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.