**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

**HELAL AHMED, PARVEZ ALI, MD. G. MIAH, ENAMUL SHAKUR, CARLOS ORTIZ, GRZEGORZ KOCIECKI, MAHBUBUL KARIM, TANVIR SHAHID, ADRIAN DOMINGUEZ RESENDIZ, CESAR ABAMBARI, HORACIO HERNANDEZ, JOSE REYES, PATRICIO GONZALEZ, SHAILENDRA SHRESTHA, ROHIT TALWAR, MARCOS REYES, ROBERTO SEGUNDO, FELIX SEGUNDO, and AUGUSTIN REYES, on behalf of themselves and other similarly situated current and former restaurant workers employed by Defendants,**

**Plaintiffs,**

**-against –**

**DEVI RESTAURANT, LTD. RAKESH AGGARWAL, SUVIR SARAN, and HEMANT MATHUR,**

**Defendants.**

---------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**07CV3512 (JSR)(FM)**

**ECF CASE**




Plaintiffs Helal Ahmed, Parvez Ali, Md. G. Miah, Enamul Shakur, Carlos Ortiz, Grzegorz Kociecki, Mahbubul Karim, Tanvir Shahid, Adrian Dominguez Resendiz, Cesar Abambari, Horacio Hernandez, Jose Reyes, Patricio Gonzalez, Shailendra Shrestha, Rohit Talwar, Marcos Reyes, Roberto Segundo, Felix Segundo, and Augustin Reyes, on behalf of themselves and other similarly situated current and former restaurant workers employed by Defendants, allege as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint under federal and New York State labor laws to address labor law violations perpetrated by Defendants against Plaintiffs throughout years of employment.

2. Plaintiffs are employed as bussers, stockers, runners, waiters, bartenders, and kitchen workers at Defendant Devi Restaurant Ltd., which is owned and operated by Defendant Rakesh Aggarwal.

3. In violation of federal and New York State labor laws, Defendants have failed to pay Plaintiffs the minimum wage and overtime, unlawfully appropriated a portion of Plaintiffs' tips, and taken unlawful deductions from Plaintiffs' wages.

4. Plaintiffs now bring this action, on behalf of themselves and other similarly situated current and former restaurant workers who worked for Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), pursuant to FLSA, 29 U.S.C. § 201 *et seq.* and New York Labor Law § 190 *et seq.*, §650 *et seq.* to recover the wages and tips that that are owed to them as well as statutory liquidated damages.

**JURISDICTION**

5. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 and 28 U.S.C. § 1331. Plaintiffs have consented to file this lawsuit under the Fair Labor Standards Act.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies in the Southern District of New York, where Defendants' business is located.

**PARTIES**

***Plaintiffs***

8. Plaintiffs Helal Ahmed, Parvez Ali, Md. G. Miah, Enamul Shakur, Carlos Ortiz, Grzegorz Kociecki, Mahbubul Karim, Tanvir Shahid, Adrian Dominguez Resendiz, Cesar Abambari, Horacio Hernandez, Patricio Gonzalez, Shailendra Shrestha, and Rohit Talwar are employees of Defendant Devi restaurant where they work as bussers, stockers, waiters, runners, and bartenders (the "Front of the House Plaintiffs").

9. Plaintiffs Jose Reyes, Marcos Reyes, Roberto Segundo, Felix Segundo, and Augustin Reyes are employees of Defendant Devi Restaurant where they work cooks, food preparors and dishwashers (the "Back of the House Plaintiffs").

10. Each of the Plaintiffs is a resident of New York City.

11. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

***Defendants***

12. Defendant Devi Restaurant, Ltd. ("Devi" or the "Restaurant") is located at 8 East 18th Street, New York, New York 10003. Devi Restaurant is a New York corporation established in 2004. On information and belief, the Restaurant has gross sales of over $500,000 a year and uses goods produced in interstate commerce.

13. Defendant Rakesh Aggarwal is the owner of Devi Restaurant. He has the power to hire and fire employees, set their wages and their schedules, and retain their records.

14. Defendant Suvir Saran is a chef at Devi Restaurant. He has the power to hire and fire employees, set their wages and their schedules, and retain their records.

15. Defendant Hemant Mathur is a chef at Devi Restaurant. He has the power to hire and fire employees, set their wages and their schedules, and retain their records.

16. At all times relevant to this action, Defendants were Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

## STATEMENT OF FACTS

17. Plaintiffs' work schedule at Devi follows a shift system. There are two main work shifts, the lunch shift running from 11:00 a.m. to 3:30 p.m., and the dinner shift from 4:30 pm to approximately 11:30 p.m. or 12:30 a.m.

18. The following table provides Plaintiffs' working hours, shifts, and wages received:

| Name and Position | Approx. Dates of Employment | Days Per week | Shifts Per Week | Hours Worked Per Week | Wages Received |
|---|---|---|---|---|---|
| **Helal Ahmed** Busboy and Stocker | 7/05-present | 5 | 6+ | 40+ | 7/05-3/4/07: $5/hr<br>3/05/07-present: $20/hr |
| **Parvez Ali** Busboy and Waiter | 8/05-present | 5-6 | 8+ | 55-60 | 8/05-11/05: $5/hr<br>11/05-3/04/07: $3.85/hr |
| **Md G. Miah** Runner | 9/04-06/05<br>11/05-present | 6-7<br>5-6 | 11+<br>8-9 | 55-65<br>48-55 | 9/04-6/05: $3.85/hr<br>11/05-2/ 07: $5/hr<br>3/05/07-present: $20/hr |
| **Enamul Shakur** Runner | 10/04-present | 5 | 7-8 | 45-50 | 10/04-01/05: $3.85/hr<br>1/05-03/04/07: $5/hr<br>3/05/07-present: $20/shift |

| Name and Position | Approx. Dates of Employment | Days Per week | Shifts Per Week | Hours Worked Per Week | Wages Received |
|---|---|---|---|---|---|
| **Carlos Ortiz**<br>Busser | 9/05-5/06<br><br>6/06-present | 5<br><br>3 | 10<br><br>6 | 50-60<br><br>33-38 | 9/05-3/07: $20/lunch shift, $30/dinner shift<br><br>3/07-present: $20/shift (lunch and dinner) |
| **Grzegorz Kociecki**<br>Busser, Stocker, and Waiter | 9/04-present | 6 | 6-8 | 50-55 | $3.85/hr |
| **Mahbubul Karim**<br>Runner and Bartender | 6/05-present | 5 | 5-10 | 35-60 | 6/05-3/07: $5/hr<br><br>3/07-6/07: $20/shift<br><br>6/07-present: $3.85/hr |
| **Tanvir Shahid**<br>Runner | 3/05-present | 5 | 5 | 35-40 | 3/05-11/06: $5/hr<br><br>11/06-present: $20/shift |
| **Adrian Dominguez Resendiz**<br>Busser | 8/05-8/06<br><br>8/06-present | 5<br><br>3 | 7<br><br>3 | 42-50<br><br>21 | 8/05-3/07: $25/lunch shift, $35/dinner shift<br><br>3/07-present: $20/shift (lunch and dinner) |
| **Cesar Abambari Busser and Stocker** | 9/04-12/06<br><br>12/06-present | 3-4<br><br>5 | 5-6<br><br>8 | 40<br><br>50-55 | 9/04-12/06: $5/hr<br><br>3/07-present: $20/shift (lunch and dinner) |
| **Horacio Hernandez**<br>Busser | 8/06-present | 5-6 | 6-7 | 40-47 | $20/shift |

| Name and Position | Approx. Dates of Employment | Days Per week | Shifts Per Week | Hours Worked Per Week | Wages Received |
|---|---|---|---|---|---|
| **Jose Reyes** Dishwasher and Cook | 9/04-present | 6 | 7-8 | 42-48 | 9/04-present: $380/wk |
| **Patricio Gonzalez** Busser | 7/06-present | 5-6 | 6-7 | 45-50 | 7/06-3/07: $5/hr<br>3/07-present: $20/shift |
| **Shailendra Shrestha** Busser and Runner | 10/06-present | 5 | 6 | 35-42 | 10/06-1/07: $5/hr<br>1/07: $20/shift |
| **Rohit Talwar** Waiter | 1/06-present | 5-6 | 7-8 | 45-52 | $3.85/hr |
| **Marcos Reyes** Food Preparor | 9/04-present | 6 | 6 | 48-54 | 9/04-present: $400/wk |
| **Roberto Segundo** Dishwasher | 12/3/06-present | 6 | 6 | 54 | 9/04-present: $400/wk |
| **Felix Segundo** Dishwasher | 9/04-present | 6 | 6 | 54 | 9/04-present: $300/wk |
| **Augustin Reyes** Dishwasher | 9/04-present | 6 | 6 | 54 | 9/04-present: $300/wk |

***Failure to Pay at the Minimum Wage Rate***

19. Defendants failed to pay Plaintiffs and other workers at the Restaurant at the federal and New York State minimum wage rate throughout Plaintiffs' employment with Defendants. Many of the Plaintiffs have not even been paid for each hour worked.

***Failure to Pay Overtime***

20. Defendants failed to pay Plaintiffs and other workers at the Restaurant overtime wages for hours worked in excess of 40 hours per week in violation of federal and New York State labor laws throughout Plaintiffs' employment with Defendants

***Confiscation of Tips***

21. Defendants have imposed a tip pooling arrangement at the Restaurant whereby tips are distributed to employees according to a point based system. The more points that are assigned to a position, the greater the share of tips that employee receives.

22. The point shares under the tip pooling arrangement at the Restaurant are as follows:

| Position | Points | |
|---|---|---|
| | until 03/07 | 03/07 to present |
| Waiter | 10 | 10 |
| Runner | 7 | 8 |
| Stocker | 7 | 8 |
| Busser | 5 | 6 |
| Bartender | 10 | 10 |

23. Prior to distributing these tip shares, Defendant Aggarwal unlawfully retains twenty percent of the total credit card tips each day.

24. Additionally, managers unlawfully receive a six point tip share.

25. Both the twenty percent of tips that are taken by ownership and the six points that are distributed to managers are monies that lawfully belong to the waiters, runners, bussers, and stockers at Devi.

***Inapplicability of Tip Credit***

26. Defendants are not entitled to reduce the minimum wage by applying the tip credit allowance that is available in limited cases under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants never informed Plaintiffs that they were reducing the minimum wage by a tip allowance under § 3(m) of the Fair Labor Standards Act *and* because Defendants are appropriating portions of the tips for themselves in violation of 29 U.S.C. § 203(m).

***Failure to Pay Spread of Hours***

27. Defendants failed to pay Plaintiffs and other workers at the Restaurant an extra hour of pay at the minimum wage for each day that they worked in excess of ten hours in violation of New York Labor Law throughout Plaintiffs' employment with Defendants

***Failure to Pay Wages***

28. Defendants regularly failed to pay Plaintiffs for each hour worked in violation of New York Labor Law. While Plaintiffs never work less than seven hours a day, they are often only paid for six hours throughout Plaintiffs' employment with Defendants

***Unlawful Deductions***

29. Defendants unlawfully deduct $10.00 from Plantiffs Ahmed, Ali, and Shakur's salary each week and $85.00 from Plaintiff Miah's salary each week, allegedly for tax purposes, although taxes are not actually paid by Defendants with regard to these employees.

***Retaliation***

30. In March 2007, Plaintiffs Ahmed, Ali, Miah, and Shakur demanded that Defendant Aggarwal pay them fairly for their work and cease his taking of unlawful deductions. In retaliation for Plaintiffs' assertion of their labor rights, Defendant Aggarwal reduced Plaintiffs' and the other workers at Devi's salary to $20.00 per shift.

**FIRST CAUSE OF ACTION**
**(FEDERAL MINIMUM WAGE VIOLATION)**

31. For paragraphs 31 through 42, "plaintiffs" shall refer to named plaintiffs and any class members who subsequently file individual consents to sue in this action.

32. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

33. Defendants knowingly failed to pay Plaintiffs the federally mandated minimum wage of $5.15 per hour in violation of 29 U.S.C. § 206.

34. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

35. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

**SECOND CAUSE OF ACTION**
**(FEDERAL OVERTIME VIOLATION)**

36. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

37. Defendants intentionally failed to pay Plaintiffs for each hour worked in excess of forty (40) hours per week at the rate of one and one-half times the regular rate (not less than minimum wage) in violation of 29 U.S.C. § 201 *et seq.*

38. Defendants' failure to pay overtime premiums was willful within the meaning of 29 U.S.C. § 255(a).

39. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

**THIRD CAUSE OF ACTION**
**(FEDERAL DEPRIVATION OF TIPS)**

40. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

41. Defendants demanded and received from the Front of the House Plaintiffs twenty percent of the credit card tips received by them in violation of 29 U.S.C. §203(m) that *all* tips be provided to employees with positions that "customarily and regularly" receive tips.

42. The Front of the House Plaintiffs have been damaged in an amount to be determined at trial plus liquidated damages.

**FOURTH CAUSE OF ACTION**
**(NEW YORK STATE FAILURE TO PAY WAGES)**

43. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

44. By failing to pay Plaintiffs for each hour they worked, Defendants blatantly disregarded their obligations to pay wages weekly and not later than seven calendar days after the week in which the wages were earned.

45. Defendants' knowing and deliberate acts are in direct contravention of N.Y. Labor Law § 191(1)(a) and are actionable under N.Y. Labor Law § 198.

46. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 198.

47. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

**FIFTH CAUSE OF ACTION**
**(NEW YORK STATE MINIMUM WAGE VIOLATION)**

48. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

49. Defendants knowingly failed to pay Plaintiffs the minimum wage required under N.Y. Lab. Law. § 652 and supporting regulations of the New York State Department of Labor.

50. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

51. As a result of Defendants' willful and unlawful conduct, the Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

**SIXTH CAUSE OF ACTION**
**(NEW YORK STATE OVERTIME VIOLATION)**

52. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

53. Defendants intentionally failed to pay Plaintiffs for each hour worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rate (not less than minimum wage) in violation of N.Y. Lab. Law § 650 *et seq.* and 12 N.Y.C.R.R. § 137.

54. Defendants' failure to pay overtime premiums was willful within the meaning of N.Y. Lab. Law § 663 and supporting regulations of the New York State Department of Labor.

55. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

**SEVENTH CAUSE OF ACTION**
**(NEW YORK STATE DEPRIVATION OF TIPS)**

56. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

57. Defendants demanded and received from the Front of the House Plaintiffs twenty percent of the credit card tips received by them in violation of N.Y. Lab. Law § 196-d.

58. Defendants' acceptance and retention of a portion of the Front of the House Plaintiffs' tips was willful within the meaning of N.Y. Lab. Law § 198.

59. The Front of the House Plaintiffs have been damaged in an amount to be determined at trial plus liquidated damages.

**EIGHTH CAUSE OF ACTION**
**(NEW YORK STATE SPREAD OF HOURS VIOLATION)**

60. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

61. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage for each day Plaintiffs worked more than ten (10) hours in violation of N.Y. Lab. Law § 650 *et seq.*, and 12 N.Y.C.R.R. § 137-1.7.

62. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs worked in excess of ten (10) hours was willful within the meaning of N.Y. Lab. Law § 663.

63. Plaintiffs have been damaged in an amount to be determined by trial plus liquidated damages.

**NINTH CAUSE OF ACTION**
**(UNLAWFUL DEDUCTIONS)**

64. Defendants deducted $10.00 from Plaintiffs Ahmed, Ali and Shakur's paychecks and $85.00 from Plaintiff Miah's paycheck in violation of the prohibition against unlawful deductions from wages in 29 U.S.C. § 206, N.Y. Lab. Law § 193, and 12 N.Y.C.R.R. § 137-2.5.

65. Defendants' unlawful deductions were willful within the meaning of 29 U.S.C. § 255(a) and N.Y. Lab. Law § 198.

66. Plaintiffs have been damaged in an amount to be determined at trial plus liquidated damages.

**TWELFTH CAUSE OF ACTION**
**(RETALIATION)**

67. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

68. Defendant Aggarwal reduced Plaintiffs' salary to $20.00 per shift in retaliation for their assertion of their labor rights.

69. Defendant owner's retaliation against Plaintiffs is a violation of the Fair Labor Standards Act , 29 U.S.C. §215 (a)(3) and of New York Labor Law § 215.2.

70. As a result of Defendant Aggarwal's willful and unlawful conduct, Plaintiffs are entitled to damages in an amount to be determined at trial plus punitive damages and other equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

a. Declaration that Defendants' conduct is in violation of federal and New York State labor laws;

b. compensatory damages including back wages and tips that are owed;

c. liquidated damages;

d. punitive damages;

e. pre-judgment interest;

f. attorney fees and costs;

g. any such further relief as may be just and proper.

Dated: New York, New York
October 5, 2007

PRYOR CASHMAN LLP

By:____________________

Joshua Zuckerberg (JZ-9466)
Suyin So (SS-7404)
410 Park Avenue
New York, NY 10022
212-421-4100

ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
Tushar J. Sheth (TS5672)
99 Hudson Street
New York, New York 10013
212-966-5932

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HELAL AHMED, PARVEZ ALI, MD. G. MIAH, ENAMUL SHAKUR, CARLOS ORTIZ, GRZEGORZ KOCIECKI, MAHBUBUL KARIM, TANVIR SHAHID, ADRIAN DOMINGUEZ RESENDIZ, CESAR ABAMBARI, HORACIO HERNANDEZ, JOSE REYES, PATRICIO GONZALEZ, SHAILENDRA SHRESTHA, AND ROHIT TALWAR, on behalf of themselves and other similarly situated current and former restaurant workers employed by defendants,**

**Plaintiffs,**

**-against –**

**DEVI RESTAURANT, LTD. and RAKESH AGGARWAL,**

**Defendants.**

**07 CV 3512 (JSR)**

**ECF CASE**

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

CHARRON FRENCH, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age and reside in New York County, New York.

On October 5, 2007, I served the within **Second Amended Complaint** upon:

Arthur H. Forman, Esq.
98-20 Metropolitan Avenue
Forest Hills, NY 11375

at the address designated above by said parties for that purpose by depositing a true copy of same enclosed in a properly addressed post-paid wrapper under the exclusive care and custody of The United States Postal Service via First Class Mail.

CHARRON FRENCH

Sworn to before me this
5th day of October, 2007

Notary Public
**RISA HAAS**
**Notary Public, State Of New York**
**No. 01HA4752904**
**Qualified in Kings County**
**Commission Expires May 31, 2011**