UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HELAL AHMED, PARVEZ ALI, MD. G. MIAH,      :
ENAMUL SHAKUR, CARLOS ORTIZ, GRZEGORZ   :
KOCIECKI, MAHBUBUL KARIM, TANVIR SHAHID, :
ADRIAN DOMINGUEZ RESENDIZ, CESAR         :
ABAMBARI, HORACIO HERNANDEZ, JOSE REYES, :
PATRICIO GONZALEZ, SHAILENDRA SHRESTHA,  :
ROHIT TALWAR, MARCOS REYES, ROBERTO     :
SEGUNDO, FELIX SEGUNDO, and AUGUSTIN     :
REYES, on behalf of themselves and other similarly  :   07-CV-3512 (JSR) (FM)
situated current and former restaurant workers employed :
by Defendants,                                             :

                         Plaintiffs,   :

      v.                                           :

DEVI RESTAURANT, LTD., RAKESH AGGARWAL,  :
SUVIR SARAN, and HEMANT MATHUR,          :

                       Defendants.  :
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION TO DISMISS THE THIRD AMENDED COMPLAINT
<u>ON BEHALF OF SUVIR SARAN AND HEMANT MATHUR</u>**


                                                   THOMPSON WIGDOR & GILLY LLP

                                                   350 Fifth Avenue, Suite 5720
                                                   New York, New York 10118
                                                   Telephone: (212) 239-9292
                                                   Facsimile: (212) 239-9001

                                                   Attorneys for Defendants Suvir Saran
                                                   and Hemant Mathur

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .......................................................................................................1

ARGUMENT ............................................................................................................................2

    I.      STANDARD OF REVIEW ................................................................................2

    II.     PLAINTIFFS' THIRD AMENDED COMPLAINT MUST
BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO
ALLEGE ANY FACTS ESTABLISHING THAT SARAN AND
MATHUR ARE EMPLOYERS UNDER THE FLSA AND NEW
YORK LABOR LAW ........................................................................................4

        A.  Plaintiffs Only Set Forth The Conclusory Allegation That
Saran And Mathur Acted As Plaintiffs' Employers Under The
FLSA And New York Labor Law .......................................................4

        B.  Plaintiffs Fail To Plead Even A Single Fact To Prove That
Saran And Mathur Are Individually Liable As Employers
Under The Statutes................................................................................6

    III.    PLAINTIFFS' THIRD AMENDED COMPLAINT SHOULD
BE DISMISSED WITH PREJUDICE SINCE PLAINTIFFS
CAN PLEAD NO FACTS TO ESTABLISH THAT SARAN
AND MATHUR ARE EMPLOYERS UNDER THE
FLSA AND NEW YORK LABOR LAW ..........................................................8

    IV.    SINCE PLAINTIFFS CAN PROVE NO SET OF FACTS TO
SHOW THAT SARAN AND MATHUR WERE PLAINTIFFS'
EMPLOYERS AT THE TIME OF THE ALLEGED ADVERSE
ACTION, PLAINTIFFS' CLAIM OF RETALIATION ALSO
FAILS ...............................................................................................................10

CONCLUSION.......................................................................................................................11

**TABLE OF AUTHORITIES**

**CASES**

Ansoumana v. Gristede's Operating Corp.,
      255 F. Supp. 2d 184 (S.D.N.Y. 2003)..................................................................................6

Baystate Alternative Staffing, Inc., v. Herman,
      163 F.3d 668 (1st Cir. 1998)..................................................................................................6

Bell Atl. Corp. v. Twombly,
      127 S. Ct. 1955 (2007)....................................................................................................2, 3, 10

Bonner v. Guccione, Jr.,
      No. 94 Civ. 7735, 1997 U.S. Dist. Lexis 9275 (S.D.N.Y. July 1, 1997)..........................6, 7

Brock v. Superior Care, Inc.,
      840 F.2d 1054 (2d Cir. 1988)..............................................................................................4, 5

Courtenay Commc'ns Corp. v. Hall,
      334 F.3d 210 (2d Cir. 2003).....................................................................................................4

De Jesus v. Sears, Roebuck & Co., Inc.,
      87 F.3d 65 (2d Cir. 1996) .......................................................................................................3

Gilliam v. Addicts Rehab. Ctr. Fund,
      No. 05 Civ. 3452, 2006 U.S. Dist. LEXIS 21377 (S.D.N.Y. Apr. 20, 2006)..................4, 7

Global Network Commc'ns, Inc. v City of New York,
      458 F.3d 150 (2d Cir. 2006)....................................................................................................4

Heng Chan v. Triple 8 Palace, Inc.,
      No. 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 31, 2006)......................4

Herman v. RSR Security Services Ltd.,
      172 F.3d 132 (2d Cir. 1999)............................................................................................4, 5, 6, 7

Hernandez v. La Cazuela De Mari Rest., Inc.,
      No. 06 Civ. 1565, 2007 U.S. Dist. LEXIS 42494 (S.D.N.Y. June 12, 2007).......................4

Johnson v. A.P. Prod. Ltd.,
      934 F. Supp. 625 (S.D.N.Y. 1996)..........................................................................................6

Kemp v. Universal Am. Fin. Corp.,
      No. 05 Civ. 9883, 2007 U.S. Dist. LEXIS 2162 (S.D.N.Y. Jan. 10, 2007).........................3

Kiley v. ASPCA,
    No. 06 Civ. 2728, 2006 U.S. Dist. LEXIS 86353 (S.D.N.Y. Nov. 28, 2006) ......................3

Lopez v. Silverman,
    14 F. Supp. 2d 405 (S.D.N.Y. 1998)..................................................................................4, 6

Moon v. Kwon,
    248 F. Supp. 2d 201 (S.D.N.Y. 2002)..................................................................................4

Moran v. GTL Constr., LLC,
    No. 06 Civ. 168, 2007 U.S. Dist. LEXIS 55098 (S.D.N.Y. July 24, 2007).........................3

Reich v. Circle C Inv., Inc.,
    998 F.2d 324 (5th Cir. 1993) ................................................................................................7

**STATUTES**

29 U.S.C. § 203(d) ..............................................................................................................................4

Fed. R. Civ. P. 12(b)(6).................................................................................................................1, 2

N.Y. Lab. Law § 651(6).....................................................................................................................4

**PRELIMINARY STATEMENT**

Defendants Suvir Saran ("Mr. Saran") and Hemant Mathur ("Mr. Mathur") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, to the extent the Court deems it necessary to consider matters outside the pleadings, Messrs. Saran and Mathur respectfully request that the Court convert this motion into one for summary judgment as provided in Rule 56 and grant the motion on that basis. As explained below, Messrs. Saran and Mathur seek an order dismissing the Third Amended Complaint in its entirety, and with prejudice, because Plaintiffs can prove no set of facts in support of their claims that these two Defendants are individually liable as "employers" under the Fair Labor Standards Act ("FLSA") and New York Labor Law. Not only are the allegations pertaining to Messrs. Saran and Mathur in the Third Amended Complaint limited to legal conclusions unsupported by any facts, but Plaintiffs cannot allege <u>any</u> set of facts that would impose liability on Messrs. Saran and Mathur given that they themselves were employees of the restaurant who did not operate as Plaintiffs' "employers." For the reasons established below, the Court should dismiss Plaintiffs' Third Amended Complaint in its entirety, with prejudice.

**STATEMENT OF FACTS**

Plaintiffs, former employees of Devi Restaurant, Ltd. ("Devi" or the "Restaurant"), filed a Complaint against the Restaurant and its sole owner, Rakesh Aggarwal ("Mr. Aggarwal"), for violations of the FLSA and New York Labor Law on May 2, 2007. The original Complaint was subsequently amended by Plaintiffs on August 30, 2007. Plaintiffs filed a Second Amended Complaint on October 9, 2007 that for the first time named Messrs. Saran and Mathur, the Co-

Executive Chefs of Devi, as additional Defendants. The Third Amended Complaint was subsequently filed on November 2, 2007.

In their Third Amended Complaint, Plaintiffs allege that Messrs. Saran and Mathur were both "employers" as defined by the FLSA and New York Labor Law. To support their allegation, Plaintiffs state that Messrs. Saran and Mathur had the power to do all of the following: (1) hire and fire employees of the Restaurant; (2) set employee wages and determine employee schedules; and (3) retain employee records. The Third Amended Complaint contains no facts supporting these boilerplate assertions that Messrs. Saran and Mathur had any meaningful control over such terms and conditions of employment which would entitle them to relief under the FLSA and New York Labor Law.

In actual fact, Messrs. Saran and Mathur, as the Co-Executive Chefs, had "power" and "authority" at the Restaurant limited to the development of the menu and recipes and the operation of the kitchen. At no point during their employment with Devi were Messrs. Saran and Mathur ever granted any authority over the Restaurant's operations or its employees. As such, Plaintiffs' claim of retaliation against Messrs. Saran and Mathur additionally cannot be supported by any facts given that no employer-employee relationship existed between them and Plaintiffs. Thus, the Court should grant this motion to dismiss in its entirety, with prejudice.

## ARGUMENT

### I.
### STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), a complaint faces dismissal if the factual allegations asserted fail to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (holding that plaintiffs' complaint must be dismissed

2

since they "have not nudged their claims across the line from conceivable to plausible"). Even though courts must accept as true the allegations stated in the complaint and draw all reasonable inferences in favor of the plaintiff, this Court "is not required to accept as true conclusory allegations or a legal conclusion couched as a factual allegation." Kemp v. Universal Am. Fin. Corp., No. 05 Civ. 9883, 2007 U.S. Dist. LEXIS 2162, at *24 (S.D.N.Y. Jan. 10, 2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotations omitted)) (emphasis added). Thus, "a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996); see also Moran v. GTL Constr., LLC, No. 06 Civ. 168, 2007 U.S. Dist. LEXIS 55098, at *4 (S.D.N.Y. July 24, 2007) ("Pleading legal conclusions, however, is not sufficient to prevent dismissal"); Kiley v. ASPCA, No. 06 Civ. 2728, 2006 U.S. Dist. LEXIS 86353, at *8-9 (S.D.N.Y. Nov. 28, 2006) ("A plaintiff cannot survive a motion to dismiss simply by stating legal conclusions as if they were facts").

In this case, Plaintiffs plead only bald conclusions, failing to establish a sufficient claim for relief. As set forth in greater detail below, Plaintiffs' Third Amended Complaint consists of conclusory allegations that are insufficient on their own to support Plaintiffs' untenable position that Messrs. Saran and Mathur acted as Plaintiffs' employers under the FLSA and New York Labor Law. No facts are alleged by Plaintiffs in their Third Amended Complaint that would support a finding that Messrs. Saran and Mathur are liable for the alleged wage and hour violations as employers under the statutes, nor can any such facts be alleged. Thus, Messrs. Saran and Mathur are entitled to dismissal of Plaintiffs' Third Amended Complaint in its entirety, with prejudice. In the alternative, to the extent the Court deems it necessary to consider matters outside the pleadings, Messrs. Saran and Mathur respectfully request that the Court

convert this motion into one for summary judgment as provided in Rule 56 and grant the motion on that basis. See Global Network Commc'ns., Inc. v. City of New York, 458 F.3d 150, 155-56 (2d. Cir. 2006); Courtenay Commc'ns. Corp., v. Hall, 334 F.3d 210, 213 (2d Cir. 2003).

## II.
## PLAINTIFFS' THIRD AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO ALLEGE FACTS ESTABLISHING THAT SARAN AND MATHUR ARE EMPLOYERS UNDER THE FLSA AND NEW YORK LABOR LAW

**A. Plaintiffs Only Set Forth The Conclusory Allegation That Saran And Mathur Acted As Plaintiffs' Employers Under The FLSA And New York Labor Law**

To be held individually liable under the FLSA and New York Labor Law, a person must be an "employer" within the meaning of the statutes. See 29 U.S.C. § 203(d) (2007); N.Y. Lab. Law § 651(6) (2007).[1] To determine whether an individual person is an "employer" under these statutes, courts look to the "economic reality" revealed by the facts of each case. See Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999); Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988); Gilliam v. Addicts Rehab. Ctr. Fund, No. 05 Civ. 3452, 2006 U.S. Dist. LEXIS 21377, at *7-8 (S.D.N.Y. Apr. 20, 2006); Moon v. Kwon, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002); Lopez v. Silverman, 14 F. Supp. 2d 405, 413-14 (S.D.N.Y. 1998).

Under the "economic reality" test, the Court should consider the following factors: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and

---

[1] See also Heng Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780, at *52 (S.D.N.Y. Mar. 31, 2006) ("The test for determining whether an individual qualifies as an employer is the same under the FLSA and New York Labor Law"); Hernandez v. La Cazuela De Mari Rest., Inc., No. 06 Civ. 1565, 2007 U.S. Dist. LEXIS 42494, at *15 (S.D.N.Y. June 12, 2007) (explaining that "the question of whether an individual is an employer under New York law involves the same legal considerations as those under federal law").

4

method of payment, and (4) maintained employment records." Herman, 172 F.3d at 139.  Since none of these factors alone is dispositive, "any relevant evidence may be considered." Brock, 840 F.2d at 1059 ("The factors . . . in applying the economic reality test are not exclusive"); Herman, 172 F.3d at 139 ("No one of the four factors standing alone is dispositive").

Plaintiffs assert that Messrs. Saran and Mathur are Plaintiffs' employers under the FLSA and New York Labor Law.  To support this contention, Plaintiffs plead only the bare allegation that Messrs. Saran and Mathur had the power to hire and fire employees at the Restaurant, set employee wages and work schedules, and retain employee records.  (Third Amend. Compl. ¶¶ 14, 15).  Nowhere in Plaintiffs' Third Amended Complaint do they allege facts supporting Messrs. Saran's and Mathur's liability under the law as employers, i.e., that they possessed the requisite control over the Restaurant or its employees.  Given that this Court is not required to accept these conclusory allegations as true, and Plaintiffs have failed to provide any facts for the Court's consideration, there is no basis for deeming Messrs. Saran and Mathur employers under the FLSA and New York Labor Law.

Moreover, any allegation that Messrs. Saran and Mathur had authority over Devi employees to make them individually liable as employers is unavailing.  Messrs. Saran and Mathur were hired by Mr. Aggarwal as the Co-Executive Chefs of Devi.  Affidavit of Suvir Saran ("Saran Aff.") ¶ 2; Affidavit of Hemant Mathur ("Mathur Aff.") ¶ 3.  As employees, Messrs. Saran and Mathur were given non-managerial responsibilities, namely, developing recipes and running the Restaurant's kitchen.  Saran Aff. ¶ 4; Mathur Aff. ¶ 5.  Not only did Messrs. Saran and Mathur have no authority to hire and fire employees, to set employee wages and schedules, or to retain employee records, no facts showing their purported exercise of such authority are alleged in the Third Amended Complaint.  Moreover, Messrs. Saran and Mathur are

5

referred to only generally throughout the Third Amended Complaint, indistinguishably joined together with Mr. Aggarwal as "Defendants." Their role was distinct from that of Mr. Aggarwal. Plaintiffs do plead, however, facts specific to Mr. Aggarwal and his control over the Restaurant's employees, further demonstrating that no such facts exist with respect to Messrs. Saran and Mathur. (Third Amend. Compl. ¶¶ 24, 31).

### B. Plaintiffs Fail To Plead Even A Single Fact To Prove That Saran And Mathur Are Individually Liable As Employers Under The Statutes

Plaintiffs' Third Amended Complaint is marked by a complete lack of factual allegations necessary for the Court to find that Messrs. Saran and Mathur could be individually liable as employers under the FLSA and New York Labor Law. As previously noted, in determining whether an alleged "employer" possesses sufficient control of a business to be found individually liable, a wide range of factors are relevant to the analysis. The purpose of that analysis, ultimately, "is to determine whether the employees in question are economically dependent upon the putative employer." Lopez, 14 F. Supp. 2d at 414.

In applying the analysis, a central inquiry is whether the individuals in question possess "substantial control over the aspect of employment alleged to have been violated." Johnson v. A.P. Prod. Ltd., 934 F. Supp. 625, 629 (S.D.N.Y. 1996). To demonstrate such control, courts rely on the following factors:

- having an ownership interest in the business, Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 193 (S.D.N.Y. 2003); Bonner v. Guccione, Jr., No. 94 Civ. 7735, 1997 U.S. Dist. LEXIS 9275, at *39 (S.D.N.Y. July 1, 1997); Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 677-78 (1st Cir. 1998);

- dominating the day-to-day operations of the business, id.; Lopez, 14 F. Supp. 2d at 412-13;

- having financial control of the business, Herman, 172 F.3d at 140; Baystate, 163 F.3d at 678;

6

- making "major personnel decisions," <u>Bonner</u>, 1997 U.S. Dist. LEXIS, at *39;

- setting and enforcing workplace policies, <u>Gilliam</u>, 2006 U.S. Dist. LEXIS, at *8;

- determining employees' "access to or exceptions from overtime work," <u>id.</u>; and

- signing employee payroll checks, <u>Herman</u>, 172 F.3d at 140; <u>Reich v. Circle C Inv., Inc.</u>, 998 F.2d 324, 329 (5th Cir. 1993).

Plaintiffs have altogether failed to present the Court with any facts, including facts pertinent to the factors listed above, that are relevant to the determination of whether Messrs. Saran and Mathur were Plaintiffs' employers. Plaintiffs' Third Amended Complaint alleges various wage violations, as well as overtime violations, but to show that Messrs. Saran and Mathur were themselves personally responsible for such violations, facts must be plead to that effect. Plaintiffs have not done so.

Specifically, Plaintiffs do not allege that Messrs. Saran and Mathur had financial control of the Restaurant or otherwise had any ownership interest in Devi. They do not allege that Messrs. Saran and Mathur signed employee paychecks. And perhaps most importantly, Plaintiffs do not allege facts that Messrs. Saran and Mathur had any responsibility for, let alone substantial control over, creating and enforcing the Restaurant policies that constitute the alleged violations of law asserted in this case. As such, Plaintiffs set forth no facts that Messrs. Saran and Mathur possessed the requisite authority to hold them individually liable as employers under the FLSA and New York Labor Law.

### III.

**PLAINTIFFS' THIRD AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE SINCE PLAINTIFFS CAN PLEAD NO FACTS TO ESTABLISH THAT SARAN AND MATHUR ARE EMPLOYERS UNDER THE FLSA AND NEW YORK LABOR LAW**

Even if the allegations in Plaintiffs' Third Amended Complaint are accepted as true and all reasonable inferences are construed in a light most favorable to Plaintiffs, the allegations in the Third Amended Complaint should be dismissed with prejudice. As demonstrated below, the actual facts concerning Messrs. Saran's and Mathur's employment at the Restaurant clearly establish that Messrs. Saran and Mathur are not Plaintiffs' employers under the statutes. Thus, it is not possible for Plaintiffs to plead any facts to the contrary.

As employees, Messrs. Saran and Mathur did not have any "operational control" of the Restaurant – only Mr. Aggarwal had this operational control. Mr. Aggarwal alone had the full authority to make decisions regarding the hiring and firing of Devi employees, determine employee wages and schedules, and retain employee records. Saran Aff. ¶¶ 7, 8, 10, 12; Mathur Aff. ¶¶ 8, 10, 12, 13. Since Mr. Aggarwal held the "purse-strings" of the Restaurant, he alone determined the terms and conditions of employment of Devi employees. As such, Messrs. Saran and Mathur, along with Plaintiffs, worked under the employment terms as determined by Mr. Aggarwal, and by him alone.

Indeed, Plaintiffs will not be able to assert any facts showing that Messrs. Saran and Mathur had any meaningful control over the terms and conditions of Plaintiffs' employment at Devi. It is undisputed that Messrs. Saran and Mathur did not make decisions regarding the hiring and firing of Devi employees. See Saran Aff. ¶ 7; Mathur Aff. ¶ 9. Because their positions were limited solely to serving as the Co-Executive Chefs, Messrs. Saran and Mathur did not have the power to set employee wages, including overtime wages, and at no time did they sign employee

payroll checks. Saran Aff. ¶ 9; Mathur Aff. ¶ 10. Consequently, it is clear that Plaintiffs can present no set of facts in support of their claims that Messrs. Saran and Mathur had the type of control over the Restaurant and its employees necessary to hold them liable as Plaintiffs' employers under the FLSA and New York Labor Law.

Not only is there a complete absence of facts showing operational control by Messrs. Saran and Mathur over the Restaurant and its employees, there are no facts that exist demonstrating that Messrs. Saran and Mathur had any ownership and/or financial interest in Devi. Messrs. Saran and Mathur were solely employees of the Restaurant. Thus, they had no financial control of, or interest in, the Restaurant. <u>See</u> Saran Aff. ¶¶ 6, 8, 9; Mathur Aff. ¶¶ 7, 10, 11. Moreover, they did not receive any of the profits of the Restaurant. Saran Aff. ¶ 6; Mathur Aff. ¶ 7. Accordingly, Plaintiffs cannot establish any factual basis in this case that Messrs. Saran and Mathur had the type of financial control and interest in the Restaurant that is required to find them liable as employers under the statutes.

Significantly, Plaintiffs also cannot plead facts to establish that Messrs. Saran and Mathur had any control over the alleged violations of law asserted in the Third Amended Complaint because Messrs. Saran and Mathur, in fact, did not have the power to create and enforce any Restaurant policies. Saran Aff. ¶ 14; Mathur Aff. ¶ 15. The "economic reality" presented by these facts confirms that Plaintiffs can plead no facts to establish that Messrs. Saran and Mathur are employers under the statutes. Thus, no violations of the FLSA and New York Labor Law can be attributed to Messrs. Saran and Mathur as a matter of law.

## IV.

**SINCE PLAINIFFS CAN PROVE NO SET OF FACTS TO SHOW THAT SARAN AND MATHUR WERE PLAINTIFFS' EMPLOYERS AT THE TIME OF THE ALLEGED ADVERSE ACTION, PLAINTIFFS' CLAIM OF RETALIATION ALSO FAILS**

Plaintiffs rely on Messrs. Saran's and Mathur's current ownership of a Restaurant operated under the name Devi as grounds for stating a claim of retaliation against them. (Third Amend. Compl. ¶¶ 16, 34). Mr. Aggarwal closed Devi in or about August 2007. Saran Aff. ¶ 15; Mathur Aff. ¶ 16. Messrs. Saran and Mathur became co-owners of a new restaurant called Devi in or about September 2007 when it was re-incorporated as Devi Eclectic Indian Cuisine, Inc. Their current ownership of this new Restaurant has no bearing on the question of whether a cause of action exists because as set forth above, there are no factual allegations in the Third Amended Complaint that Messrs. Saran and Mathur were employers within the meaning of the statutes when the alleged violations occurred. Saran Aff. ¶ 17; Mathur Aff. ¶ 17. Given that Plaintiffs fail to allege any facts, and can prove no set of facts, to establish that Messrs. Saran and Mathur were Plaintiffs' employer under the statutes, Plaintiffs' claim of retaliation must fail.

The complete absence of factual allegations in Plaintiffs' Third Amended Complaint fails to "raise a right to relief above the speculative level." Bell Atl. Corp., 127 S. Ct. at 1965. Thus, Plaintiffs cannot establish that an employer-employee relationship existed between themselves and Messrs. Saran and Mathur. As such, Messrs. Saran and Mathur clearly cannot be responsible for retaliating against Plaintiffs in the fashion alleged in their Third Amended Complaint. Plaintiffs' allegation that Messrs. Saran and Mathur "hired employees for positions previously occupied by Plaintiffs" is irrelevant because they had no pre-existing obligation to hire Plaintiffs since Messrs. Saran and Mathur never were Plaintiffs' employers. (Third Amend. Compl. ¶ 34).

Messrs. Saran and Mathur, as employees of Devi during the applicable liability period, have no obligation to Plaintiffs. Indeed, because Plaintiffs never worked for Messrs. Saran and Mathur, any expectations that they would be reinstated at this new restaurant are unfounded. Even still, upon assuming ownership of this new restaurant, Messrs. Saran and Mathur placed advertisements for job openings in local newspapers. Saran Aff. ¶ 18; Mathur Aff. ¶ 18. Yet, no named Plaintiffs inquired about a position. Id. One former employee of Devi did apply for a position, and he was hired by Messrs. Saran and Mathur to work at the new Devi. Saran Aff. ¶ 19; Mathur Aff. ¶ 19. Regardless, Messrs. Saran and Mathur, having never been Plaintiffs' employers, have no legal obligation to hire Plaintiffs simply because they are the current owners of a new restaurant operating as Devi. No employer-employee relationship ever existed between Messrs. Saran and Mathur and Plaintiffs. Thus, Plaintiffs' claim of retaliation against Messrs. Saran and Mathur also fails.

## CONCLUSION

For the foregoing reasons, Defendants Saran and Mathur respectfully request that this Court grant their Motion to Dismiss and enter an order dismissing Plaintiffs' Third Amended Complaint in it is entirety, with prejudice. In the alternative, Defendants Saran and Mathur respectfully request that this Court convert this motion into one for summary judgment and grant summary judgment.

Dated: New York, New York
       December 7, 2007

                                          Respectfully submitted,

                                          THOMPSON WIGDOR & GILLY LLP

                                          By: _____/s/_____
                                               Scott Browning Gilly (SG-6861)

                                          350 Fifth Avenue, Suite 5720
                                          New York, New York 10118
                                          Telephone: (212) 239-9292
                                          Facsimile: (212) 239-9001

                                          Attorneys for Defendants Suvir Saran
                                          and Hemant Mathur