UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HELAL AHMED, PARVEZ ALI, MD. G. MIAH,
ENAMUL SHAKUR, CARLOS ORTIZ, GRZEGORZ
KOCIECKI, MAHBUBUL KARIM, TANVIR SHAHID,
ADRIAN DOMINGUEZ RESENDIZ, CESAR
ABAMBARI, HORACIO HERNANDEZ, JOSE REYES,
PATRICIO GONZALEZ, SHAILENDRA SHRESTHA,
ROHIT TALWAR, MARCOS REYES, ROBERTO
SEGUNDO, FELIX SEGUNDO, and AUGUSTIN       07-CV-3512 (JSR) (FM)
REYES, on behalf of themselves and other similarly
situated current and former restaurant workers employed
by Defendants,

                              Plaintiffs,

                v.

DEVI RESTAURANT, LTD., RAKESH AGGARWAL,
SUVIR SARAN, and HEMANT MATHUR,

                              Defendants.
------------------------------------------------------------------X

## AFFIDAVIT OF HEMANT MATHUR

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK  )

      Hemant Mathur, being duly sworn, deposes and says:

      1.      I am the former Co-Executive Chef of Devi Restaurant ("Devi" or "Restaurant"), and I am fully familiar with the facts stated below. I make this affidavit in support of the Memorandum of Law in Support of the Motion to Dismiss the Third Amended Complaint on Behalf of Suvir Saran and Hemant Mathur.

      2.      Rakesh Aggarwal was the former sole owner of Devi.

      3.      In or about May 2004, I was hired by Mr. Aggarwal as a Co-Executive Chef of the Restaurant.

4.     Devi opened in or about September 2004, located at 8 East 18th Street, New York, NY 10003.

5.     As dictated by Mr. Aggarwal, my job duty as Co-Executive Chef was to run the kitchen. My responsibilities included ordering the food, cooking, ensuring that the kitchen was clean, and developing recipes with Suvir Saran.

6.     Mr. Aggarwal was the sole owner of Devi. As a result, he had complete control over the operations of the Restaurant.

7.     I had no ownership interest in Devi. I never received any of the profits of the Restaurant.

8.     Mr. Aggarwal had full authority to make all personnel-related decisions. He was the only individual with the authority to hire and fire Devi employees.

9.     As Co-Executive Chef of Devi, I was not authorized to make decisions regarding the hiring and/or firing of Devi employees.

10.    Mr. Aggarwal had complete financial control of Devi. Consequently, he was the only individual with the authority to set employee wages, calculate overtime wages, and sign payroll checks.

11.    I did not have the power to determine employee wages, calculate overtime wages, and/or sign payroll checks.

12.    Mr. Aggarwal had complete authority and control to determine the work schedules of the Restaurant employees.

13.    Mr. Aggarwal had full and complete operational control over Devi and was the only individual responsible for retaining employee records.

14.    My job did not entail retaining employee records and I did not retain such records.

15. As Co-Executive Chef, I was not responsible for creating and enforcing workplace policies for Devi employees.

16. Mr. Aggarwal closed the Restaurant in or about August 2007.

17. Devi was re-incorporated in or about September 2007 as Devi Eclectic Indian Cuisine, Inc. and re-opened (the "current Devi") in or about October 2007 under the co-ownership of Mr. Saran and myself. Mr. Aggarwal does not have any ownership interest in the current Devi.

18. The current Devi placed job advertisements in local newspapers on or about October 1, 2007. The current Devi did not receive any inquiries from any of the named Plaintiffs.

19. A former employee of the Restaurant was hired by the current Devi after he applied for a job.

20. I make this declaration under penalty of perjury.

_____
Hemant Mathur

Sworn to before me this
6th day of December, 2007

_____
Notary Public

VIRGINIA GENTILE
Notary Public, State of New York
No. 01GE4960908
Qualified in Nassau County
Commission Expires January 2, 20 10