**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 HUDSON STREET, 12 FL • NEW YORK. NY 10013 • TEL 212.966.5932 • FAX 212.966.4303 • INFO@AALDEF.ORG

January 23, 2008

BY ECF

Hon. Jed S. Rakoff
U.S. District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1340
New York, New York 10007

Re: <u>Ahmed, et al. v Devi Restaurant, Ltd., et al.</u>,
   07CV3512 (JSR)(FM)

Dear Judge Rakoff:

Plaintiffs submit this letter in opposition to Defendants Suvir Saran and Hemant Mathur's motion to dismiss the Third Amended Complaint. Plaintiffs will rely on the arguments made in this letter and at the oral argument before the Court scheduled for January 25, 2008 to oppose Defendants' motion.

An initial agreement towards settlement was reached between the parties on December 20, 2007 and was memorialized in a term sheet signed by the parties on that day. In drafting a Settlement Agreement that reflects the substance of the Term Sheet, a last minute dispute has arisen regarding the interpretation of one of its provisions. Although the parties are working to resolve this dispute and expect to do so, Plaintiffs submit this letter in opposition to Defendants motion as per the Court's instructions. I apologize to the Court for Plaintiffs' failure to submit a full brief as we have been focused on finalizing the settlement and did not expect these complications.

**1. <u>Plaintiffs Have Sufficiently Plead the Issue of Defendants' Individual Liability</u>**

Defendants Saran and Mathur argue that the Third Amended Complaint should be dismissed because Plaintiffs have not plead sufficient facts to establish their liability under the Federal Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"). There is no basis for this position in the law. Plaintiffs are not required to prove their case in the complaint. Rather, the notice pleading standard of Fed. R. Civ. P. Rule 8 requires only that a plaintiff disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." See <u>Riccuiti v. New York Transit Auth.</u>, 941 F.2d 119, 123 (2nd Cir. 1991). "Dismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."

Plaintiffs have provided more than sufficient information in the Third Amended Complaint to make it clear that they are complaining of Defendants', including Saran and Mathur, failure to pay minimum wages, overtime, and tips. And, they have identified the FLSA and NYLL as a legal basis for recovery. There is nothing ambiguous about the Third Amended Complaint.

Indeed, one only has to read the four paragraphs of the Preliminary Statement to understand the factual points of complaint and the legal causes of action.

Defendants specifically argue that Plaintiffs have plead no facts to support their legal claim that Saran and Mathur are individually liable under the FLSA and NYLL. Defendants' position is baffling since even they identify the factual allegations in paragraphs 14 and 15 of the Third Amended Complaint (Defendants Saran and Mathur "had the power to hire and fire employees, set their wages and schedules, and retain their records") that support Plaintiffs assertion that Saran and Mathur are individually liable. These are exactly the type of facts that the Second Circuit has required to prove individual liability under the FLSA and NYLL. *See Herman v. RSR Sec. Serv. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999).

Defendants' reliance on cases citing the principle that pleadings containing solely legal conclusions do not satisfy the Rule 8 standard are irrelevant on the point of individual liability because the Third Amended Complaint includes both legal conclusions *and* factual allegations that support those claims. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (motion to dismiss should be denied if an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint"; heightened fact pleading of specifics is not required).

## 2. The Declarations of Defendants Saran and Mathur Should Be Excluded

This Court should not consider the declarations of Defendants Saran and Mathur because the consideration of a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) must be limited to the "four corners of the complaint." *Bolanos v. Norwegian Cruise Lines Ltd.*, 2002 WL 1465907, *4 (S.D.N.Y. July 9, 2002) (citation omitted); *Friedl v. City of New York*, 210 F.3d 79 (2nd Cir. 2000) (vacating grant of dismissal where district court plainly relied on factual declarations offered by defendants in support of motion to dismiss).

If the Court decides to accept Defendants' declarations and treat this motion as one for summary judgment pursuant to Fed. R. Civ. P. 56, Plaintiffs respectfully request a sufficient opportunity to submit supplemental materials as provided for by Fed. R. Civ. P. 12(d).

*** 

Please contact me should the Court have any questions.

Respectfully,
/s
Tushar J. Sheth
Staff Attorney

cc: Arthur Forman
    Doug Wigdor
    Joshua Zuckerberg